Allen, J.
The contract between the parties belongs to that class of contracts usually denominated conditional sales. It was in fact an executory contract of sale to be completed *542 by the performance of simultaneous or concurrent acts by the seller and buyer. The sale to the defendants was upon condition that they should, upon the delivery of the cream tartar, deliver to the plaintiffs their note for the purchase-price, payable in gold at ninety days. Bo property could pass to the defendants until this condition was fulfilled, although the merchandise may have been actually delivered into their possession, unless the delivery was absolute and in completion of the contract, or the plaintiffs had waived the condition. An absolute delivery of property to the vendee without a demand of the purchase-price is presumptive evidence of a waiver of the condition of present payment, and of a lien upon the property, and of a willingness to give credit to the personal responsibility of the buyer. The presumption may be rebutted by the acts and declarations of the parties, or by the circumstances of the case. An express declaration of an intention to insist upon the performance of the condition and a lien upon the goods is not necessary. The intent may be inferred from the acts of the parties and the circumstances of the case, and it is a question of fact for the jury. (Marston v. Baldwin, 17 Mass., 606 ; Smith v. Dennie, 6 Pick., 262; Lupin v. Marie, 6 Wend., 77; Furniss v. Hone, 8 id., 247; Leven v. Smith, 1 Den., 571 : Smith v. Lynes, 1 Seld., 41; Hammett v. Linneman, 48 N. Y., 399 ; Benj. on Sales [Am. ed.], § 320 and note.) The jury have found that the delivery of the merchandise to the defendants was not absolute, but that the condition of payment by note attached to it. The refusal of the defendants to perform the condition gave the plaintiffs the right to reclaim their goods, the property in which had always remained in them. There was good reason for the possession of the goods by the defendants before the consummation of the sale. They had a right to test the accuracy of the weight by the plaintiffs, and an opportunity to compare the bulk with the sample, before they could be called upon to pay for the goods. It was for that purpose, and that only, and not in consummation of the sale, as the jury have found, that the defendants had *543 the manual possession of the goods. Until the completion of the sale, they held them as trustees for the plaintiffs. The sale never has been completed. If the plaintiffs had been willing to deliver the goods absolutely, in performance of the contract, the defendants have refused to receive them, and have rejected them as** not conforming to the sample. The defendants say, by the oath of one of them, that they replied to the demand for a redelivery of the goods to the plaintiffs, that “ they would hold them for the faithful performance of the contract.” This they were not entitled to do. If the goods did not agree with the sample, they should have rejected them, and taken their remedy for non-performance of the contract by the plaintiffs. The questions elaborately argued by the counsel for the appellants are not in the case. There was no rescission of the sale by the plaintiffs. Their recovery was upon the ground that the sale had not been consummated, and that the defendants had not become the owners of the property, by a performance of the condition of the sale, or by a waiver of the condition by the plaintiffs. What the rights or remedies of the defendants would have been by reason of the alleged impurity and defects of the article sold, and its inferiority to the sample, had the defendants completed the purchase and become the owners, need not be considered. A warranty, is an incident only of consummated or completed sales, and has no place as a contract, having present vitality and force in an executory agreement of sale. The only question was, whether the delivery was absolute or conditional. Had the verdict been against the plaintiffs upon that issue, the defendants would have had judgment, and the plaintiffs been left to such remedy as the law would give them, for the price and value of the goods sold. All that was said upon other questions by the trial judge, was outside of the issue.
The judgment must be affirmed.
All concur.
Judgment affirmed.