## CRESAP *v.* GRAY.

ELECTION—CANVASSING VOTES.—Where the returns of a certain precinct were not received by the clerk until fourteen days after the election, and the clerk, ten days after such election, took to his assistance two justices of the peace of the county, opened the returns, and made an abstract of the votes, upon which he issued a certificate of election to one G. as sheriff, he having the highest number of votes based on the returns without including the returns of such precinct, the vote of which was admitted to have been legally and regularly cast; *Held,* in an action to contest the election of G. by C. it was not error to include in the count, the votes of such precinct and to adjudge the certificate of election to issue to him who received the highest number of votes based on such count.

AN act of the state legislature, not prohibited by the express words of the constitution, or by necessary implication, cannot be declared void as in violation of that instrument.

APPEAL from Grant County.

*John Kelsay,* for appellant.

*Geo. H. Williams,* for respondent.

By the Court, LORD, J.:

This action was a contest for the office of sheriff of Grant county under the provisions of title 4, chapter 14 of the miscellaneous laws, page 574. The appellant claims that he was elected sheriff of said county at the general election

held in June last, 1882, and that he has qualified as such sheriff. The record discloses that the respondent gave due notice to the appellant of his intention to contest his said election, that the case was tried at chambers and the respondent was declared duly elected. The facts were stipulated by the parties, and waive all other issues and questions, excepting those arising out of the votes of Catelow precinct, which render a statement of the pleadings unnecessary. It is agreed by the stipulation that the returns from Catelow precinct were not received by the clerk within the time prescribed by law, and by not counting the votes given in that precinct, the appellant would be elected, but if counted, the respondent would be elected. The legality and regularity of the votes of Catelow precinct are admitted. At the trial, the court counted the votes of this precinct, and adjudged the certificate of election to issue to the respondent. To reverse this judgment, is the object of the appeal.

Two grounds of error are assigned. 1. It was error to count the votes of the precinct, if section 35, mis. laws, p. 573, is to be regarded as mandatory. 2. It was error to try the case at chambers, the statute authorizing it being unconstitutional. These objections will be considered in the order they are made. The general doctrine seems to be well settled that the acts of judges of elections and canvassing boards in forwarding the returns are purely ministerial, (McCrary on Elections, sec. 84, 85, and authorities there cited,) and that statutes relating to them are merely directory. In *ex parte Heath*, 3 Hill, 47, Mr. Justice Cowen says: "Nothing is better settled, as a general rule, than that where a statute requires an act to be done by an officer within a certain time, for a public purpose, the statute shall be taken to be purely directory; and though he neglect his duty, by allowing the precise time to go by, if he afterwards

perform, the public shall not suffer by the delay:" And this doctrine, Mr. McCrary says, "has been uniformly maintained by the courts, and nothing is better settled." (*People* v. *Allen*, 486, and cases there cited; *Colt* v. *Eves*, 12 Conn., 243–253 to 255; McCrary on Elections, secs. 77, 88, 128, 129, 166–7–8; *People* v. *Cook*, 8 N. Y., 84; *People* v. *Pease*, 27 N. Y., 45.)

The statute directs that on the tenth day after the close of the election, or sooner, if all the returns be received, the county clerk, taking to his assistance two justices of the peace of the county, shall proceed to open said returns, and make abstracts of the votes, &c., and it shall be the duty of said clerk immediately to make out a certificate of election to each of the persons having the highest number of the votes for members of the legislative assembly, county and precinct officers, respectively, and to deliver such certificate to the person entitled to it, &c. (Sec. 35, Mis. Laws, 573.) The vote of Catelow precinct was not received by the clerk until fourteen days after the election, and although admitted by the stipulation to have been regularly and legally cast, it is insisted that the court committed an error in counting the vote of that precinct. The purpose of an election is to ascertain, by the votes of the people, who shall be the public officers. It is true, as a general rule, the certificate of election, regular on its face, gives *prima facie* right to the office, but here the stipulation admits that it is a certificate not based upon a majority of all the votes, but of a part, and by counting all, including the vote of Catelow precinct, the respondent is admitted to have received a majority of all the legal votes cast. The manifest intent of the statute is to give effect to "the expressed will of a majority of the legal voters, as indicated by their votes for such office;" (sec. 44) and so far as concerns the power of the court to ascertain

what the actual vote was, and to give effect to the will of the electors, it is of no consequence whether the vote has been rejected by the canvassing officers, or has come too late to be counted by them, or is destroyed. (McCrary on Elections, sections 88, 145, 166, 182, 185, 302 and 304.) To the same effect, and much further in substance, goes *Day* v. *Kent*, 1 Or., 123; much further than we are required by the facts before us to decide; and the dissenting opinion in that case supports the proposition, for Mr. Justice Deady places his dissent upon the ground that there was no legal evidence before the court to show what was the vote of the precinct in controversy, while in this case the very evidence prescribed by law—the return—proves it. Looking, then, at the intent of the statute, which is to guide the court, without regard to " technicalities," in determining what was the vote, so as to give effect to the expressed will of the majority, it being admitted that the vote of Catelow precinct was legally cast, the court did not err in counting that vote.

The next objection is that it was error to try the case at chambers, on the ground that the statute authorizing it is unconstitutional. It is said that when the law authorizes, or contemplates the doing of a judicial act, it is and must be understood to mean that the court, in term time, may or must do it, and the judge, in vacation, cannot, unless the power is expressly conferred upon him. (*Lareo* v. *Casaneuva*, 30 Cal., 564; *Norwood* v. *Kenfield*, 34 Cal., 331.) But here the statute expressly authorizes it, and that without in any way impairing the right of any person to contest any election in the manner otherwise provided by law. (Title 4, chap. 14, Mis. Laws, 574, 575.) The only reference cited to sustain this objection is sec. 1, art. 7 of the constitution, which provides that " the judicial power of the state shall be vested in a supreme court, circuit courts and county

courts, which shall be courts of record, having general jurisdiction, to be defined, limited, and regulated by law in accordance with this constitution." An act of a state legislature, not prohibited by the express words of the constitution, or by necessary implication, cannot be declared void as a violation of that instrument. (*People* v. *Simeon Draper*, 15 N. Y., 543; *Logan* v. *Hunter*, 19 N. Y., 463.) There is nothing in the section of the constitution referred to inhibiting, expressly or impliedly, the power of the legislature to enact the law in question, and it is not therefore repugnant to that section. Besides, the rule is well settled that every doubtful question is to be thrown in favor of the validity of the act of the legislature, and before a court will deem it their duty to declare such act void, its repugnancy to the constitution must be plain and clear. (*Adams* v. *Howe*, 14 Mass., 345; *Fletcher* v. *Peck*, 6 Cranch, 87.) In the absence of any reference, other than the section cited, or reason offered to sustain the objection, as at present advised, no error is perceived, and the judgment of the court below must be affirmed.

Judgment affirmed.