[No. 11574. In Bank. — August 26, 1886.]

## COUNTY OF AMADOR, RESPONDENT, v. PHILLIP KENNEDY, APPELLANT.

LICENSE — SALE OF LIQUORS — SUPERVISORS MAY APPOINT COLLECTOR — SALARY — ACTION TO RECOVER LICENSE. — The board of supervisors of a county have authority to appoint an agent to collect the license taxes imposed by an ordinance upon the business of selling liquors at retail, to fix the compensation to be paid him therefor, and to empower him to direct actions against persons failing to procure licenses.

ID. — DISCRIMINATING RATES BETWEEN COUNTRY AND CITY. — Such an ordinance is not invalid because it fixes a less rate of license for the business of selling liquors at a wayside tavern or watering-place than for the same business carried on in a village, town, or city.

APPEAL from a judgment of the Superior Court of Amador County.

The license tax in question was imposed upon the business of selling spirituous, malt, and fermented liquors at retail. The ordinance appointed an agent to collect the taxes, and fixed his compensation. The further facts are stated in the opinion of the court.

*Eagon & Armstrong*, and *Rust & Caminetti*, for Appellant.

*McGee & Farnsworth*, and *Lindley & Spagnoli*, for Respondent.

THORNTON, J. — This action was brought to recover of defendant a license tax amounting to thirty dollars, and a penalty for not paying the same when demanded, under an ordinance passed by the board of supervisors of the county above named.

The action was commenced in a justice's court. The answer of the defendant, duly verified, attacked the validity of the ordinance imposing the tax above mentioned, and on that account was transferred to the Superior Court of Amador County for trial. On that trial,

judgment passed for plaintiff. From this judgment defendant appealed.

It is contended that the board of supervisors had no authority to appoint an agent to collect the license taxes under the above ordinance.

We consider this point settled by the judgment of this court in *People* v. *Ferguson*, 65 Cal. 288, adverse to the contention of appellant. We are satisfied of the ruling in the case referred to, and refuse to disturb it.

It is further contended that subdivision five (5) of section two (2) of this ordinance is illegal and void because it discriminates between villages, towns, and wayside inns or watering-places. The subdivision referred to is as follows:—

"For selling spirituous, malt, or fermented liquors or wines at retail, in quantities less than one quart, thirty dollars per quarter; for selling spirituous, malt, or fermented liquors or wines at wholesale, in quantities of one quart or more, ten dollars per quarter; provided that any person or persons who sells at retail such liquors or wines at any way-tavern or public watering-place on any thoroughfare outside the limits of any village, town, or city, shall pay seven and a half dollars per quarter; and provided further, that any person or persons who takes out a license for retailing such liquors or wines shall have the privilege of selling such liquors or wines at wholesale without any other license therefor.'

We fail to see any unlawful discrimination in the portion of the section above quoted. The discrimination allowed here violates no provision of the constitution, and contravenes no rule of law of which we have any knowledge. What law or what provision of the constitution it violates is not pointed out by the appellant. The difference between the quantum of sales made and the prospective profit to be realized by persons retailing liquors in a village, town, or city, and persons retailing the same at a wayside inn or rural watering-place is

manifest to every one. This difference amply justifies the discrimination made by the ordinance under consideration. Such legislation is sustained by numerous cases. (See *People* v. *Thurber*, 13 Ill. 554; *City of East St. Louis* v. *Wehrung*, 46 Ill. 393; S. C., 46 Ill. 32; *Slaughter* v. *Commonwealth*, 13 Gratt. 767; *Texas B. & Ins. Co.* v. *State*, 42 Tex. 636; *State* v. *Rolle*, 30 La. Ann. 991.)

There is nothing in the subdivision of the ordinance in question which is unreasonable, oppressive, or in restraint of trade.

It is urged that section five (5) of the ordinance is illegal and void because the board of supervisors has thereby fixed the compensation of the license collector, which can only be done by the legislature.

Having already determined that the ordinance was valid so far as the appointment of license collector is regarded, we do not perceive the materiality of the above stated question urged by defendant. Conceding that the appointment of license collector is valid, it is entirely immaterial, so far as defendant is concerned, whether the portion of the ordinance fixing the compensation is valid or not.

We find no new rule of evidence created by the ordinance, nor do we find any double taxation authorized by it.

The power conferred on the license collector to direct a civil action against a person failing to procure a license as required by the ordinance is a means of collection which the board of supervisors may employ under the power to collect conferred on it by subdivision 27 of section 25 of the county government law.

We see nothing in the other points urged on behalf of appellant that deserve consideration.

Judgment affirmed.

MORRISON, C. J., SHARPSTEIN, J., and MYRICK, J., concurred.