[No. 20335.  In Bank. — September 13, 1887.]

# EX PARTE U. MIRANDE, ON HABEAS CORPUS.

COUNTY — BOARD OF SUPERVISORS — ADJOURNMENT — ORDINANCE PASSED AT ADJOURNED MEETING — VALIDITY OF. — Where a board of supervisors meets on the regular day fixed therefor by an ordinance passed in conformity with the county government act of March 14, 1883, it has power to adjourn from time to time until its business is completed; and an ordinance passed at an adjourned meeting is not invalidated, either because the clerk of the board, in his record of its proceedings, described the adjournment as a "recess," nor because during the time of the adjournment the members of the board acted as a board of equalization.

HABEAS CORPUS — ERROR WILL NOT BE REVIEWED ON — ABSENCE OF JURISDICTION — VOID JUDGMENT. — A writ of *habeas corpus* cannot be made the vehicle of determining mere errors, where a conviction has been had, and the commitment thereon is in due form.  But if the court below had no jurisdiction of the offense charged, or if it affirmatively appears by the record that the prisoner was tried and sentenced for the commission of an act which, under the law, constitutes no crime, the judgment is void, and the prisoner should be discharged.

ID. — LICENSE — HERDING AND GRAZING SHEEP — SUFFICIENCY OF COMPLAINT. — The petitioner was convicted under a complaint which charged him with having committed a misdemeanor in the county of Mono, between the 25th of June, 1887, and the 8th of July, 1887, by willfully being engaged in and carrying on the business of grazing, herding, and pasturing sheep in said county, without taking out or providing a license therefor, in violation of certain ordinances of the board of supervisors of the county known as "Ordinance No. 18," and "Ordinance No. 21," specifying the dates of passage and the substance of their provisions. *Held*, that the complaint was sufficient to give the court jurisdiction of the subject-matter, and to sustain the conviction.

ID. — SUPERVISORS MAY IMPOSE LICENSE ON BUSINESS. — The board of supervisors of Mono County has authority, under sections 11 and 12 of article 11 of the constitution, and subdivision 27 of section 25 of the county government act of March 14, 1883, to enact an ordinance requiring all persons engaged in the business of raising, grazing, herding, or pasturing sheep in that county to annually procure a license, and to pay therefor at the proportionate rate of fifty dollars for every thousand sheep in their possession or under their control, and to provide that a violation of the ordinance shall constitute a misdemeanor, punishable by a fine not exceeding two hundred dollars.

ID., — VALIDITY OF ORDINANCE — CONSTITUTIONAL LAW. — Such an ordinance is not violative either of section 21 of article 1 of the state constitution, or of the fourteenth amendment of the federal constitution, because it is neither unjust, excessive, oppressive, discriminating, special, unequal, or partial, and is valid, whether the license imposed thereby is for purposes of revenue or regulation, or for both.

Id. — Uniform Taxation. — The constitutional provision requiring uniformity of taxation does not prohibit the imposition of a license upon a particular business, notwithstanding the property used in that business is subject to and has paid an *ad valorem* property tax.

Application for a writ of *habeas corpus*. The facts are stated in the opinion of the court.

*James E. Goodall, W. O. Parker*, and *Moore & Reed*, for Petitioner.

The ordinance in question is unreasonable, unjust, and oppressive, and therefore void. (Dillon on Municipal Corporations, secs. 262, 263; *Peoria* v. *Calhoun*, 29 Ill. 317; *St. Paul* v. *Colter*, 12 Minn. 41; S. C., 90 Am. Dec. 278; *Commonwealth* v. *Robertson*, 5 Cush. 438; *Commonwealth* v. *Patch*, 97 Mass. 221; *Ex parte Frank*, 52 Cal. 606; *Ex parte Benninger*, 64 Cal. 292; *Lassen County* v. *Cone*, 72 Cal. 387; *People* v. *Throop*, 12 Wend. 186; *Pedrick* v. *Bailey*, 11 Gray, 161; *Clason* v. *Milwaukee*, 30 Wis. 316.) It is also partial, discriminating, unfair, and special, and therefore void. (*Russ* v. *Mayor*, 12 N. Y. Leg. Obs. 38; *Chicago* v. *Rumpff*, 45 Ill. 90; Cooley's Const. Lim. 244, and cases cited; Sedgwick on Statutory and Constitutional Law, 30; *People* v. *Wright*, 70 Ill. 388; *People* v. *Cooper*, 83 Ill. 589; *Dunham* v. *Trustees of Rochester*, 5 Cow. 462; *Soon Hing* v. *Crowley*, 113 U. S. 709; *Boyer* v. *Boyer*, 113 U. S. 701; Cooley on Taxation, 128, 129, 146.)

*Richard S. Miner*, for Respondent.

The ordinance was duly passed at a meeting of the board of supervisors. (County Government Act of March 14, 1883, sec. 25; *Ex parte Benninger*, 64 Cal. 291; *Ex parte Benjamin*, 65 Cal. 310; *County of Santa Clara* v. *S. P. R. R. Co.*, 66 Cal. 642; *People* v. *Cole*, 70 Cal. 59.) The ordinance is constitutional, valid, impartial, and general, and the board of supervisors had ample power to enact it. (Const., secs. 11, 12, art. 11; County Govern-

ment Act of March 25, 1883, subd. 27, sec. 25; *People* v. *Martin*, 60 Cal. 153; *In re Stuart*, 61 Cal. 374; *Ex parte Casinello*, 62 Cal. 538; *Ex parte Wolters*, 65 Cal. 269; *People* v. *Ferguson*, 65 Cal. 288; *Ex parte Moynier*, 65 Cal. 33; *County of Santa Clara* v. *S. P. R. R. Co.*, 66 Cal. 642; *Ex parte Mount*, 66 Cal. 448; *Ex parte White*, 67 Cal. 102; *In re Guerrero*, 69 Cal. 88; *City of Los Angeles* v. *S. P. R. R. Co.*, 67 Cal. 433; *Gilkeson* v. *Frederick Co.*, 13 Gratt. 577; *Barbier* v. *Connolly*, 113 U. S. 27; *Soon Hing* v. *Crowley*, 113 U. S. 709.)

SEARLS, C. J. — Petitioner was convicted on a charge of violating the provisions of an ordinance of the board of supervisors of the county of Mono, relating to the business of " raising, grazing, herding of sheep " in said county; which ordinance is in the following language:—

"ORDINANCE No. 18.

" The board of supervisors of the county of Mono, state of California, do ordain as follows:—

" Sec. 1. Every person engaged in the business of raising, grazing, herding, or pasturing sheep in the county of Mono, state of California, must annually procure a license therefor from the tax collector, and make therefor the following payment:—

" 1. Those owning or having in their possession and under their control 5,000 sheep or more shall constitute the first class, and must pay $250 per annum for the first 5,000 sheep, and for every additional 1,000 sheep the sum of $50.

" 2. Those owning or having in their possession and under their control 4,000 sheep and less than 5,000 constitute the second class, and must pay $200 per annum.

" 3. Those owning or having in their possession and under their control 3,000 sheep and less than 4,000 constitute the third class, and must pay $150 per annum.

" 4. Those owning or having in their possession and

under their control 2,000 sheep and less than 3,000 constitute the fourth class, and must pay $100 per annum.

"5. Those owning or having in their possession and under their control 1,500 sheep and less than 2,000 constitute the fifth class, and must pay $75 per annum.

"6. Those owning or having in their possession and under their control 1,000 sheep and less than 1,500 constitute the sixth class, and must pay $50 per annum.

"7. Those owning or having in their possession and under their control less than 1,000 sheep constitute the seventh class, and must pay $25 per annum.

"Sec. 2. Every person who shall engage in the business of raising, grazing, herding, or pasturing sheep, or be so engaged, within the county of Mono, state of California, without first obtaining a license therefor, as prescribed by section 1 of this ordinance, is guilty of misdemeanor.

"Sec. 3. The tax collector shall have the collection of the license provided for by this ordinance, and it is hereby made his duty to collect the same, and he may enforce the collection as provided by section 3360 of the Political Code of the state of California.

"Sec. 4. The county auditor shall prepare and have printed suitable blank licenses for the tax collector to carry out the provisions of this ordinance, with blank receipts for the tax collector when sold.

"Sec. 5. The tax collector shall collect a fee of one dollar for each license sold, which shall be paid into the salary fund of the county.

"Sec. 6. All money collected for license under the provisions of this ordinance shall be paid over to the county treasurer as other moneys, and placed to the credit of the general fund of the county.

"Sec. 7. This ordinance shall take effect and be in force on and after fifteen days from its passage, and all ordinances or parts of ordinances in conflict herewith are hereby repealed."

"The above ordinance was passed by the board of supervisors of Mono County, state of California, at a regular meeting, July 19, 1886, by the following vote:—

"Ayes, — George Watterson, H. Boone, William Davison, A. F. Hector.

"Geo. Watterson,

"Chairman *pro tem.* of the board of supervisors of Mono County, state of California.

"Attest: Ben. H. Miller, Clerk."

Ordinance No. 18 was amended on the seventh day of April, 1887, as follows:—

"Ordinance No. 21.

"The board of supervisors of the county of Mono, state of California, do ordain as follows:—

"1. Every person who commences or carries on, in the county of Mono, any business, trade, profession, or calling, for the transaction or carrying on of which a license is required by any ordinance of the board of supervisors of said county, without taking out or procuring the license prescribed by each ordinance, is guilty of a misdemeanor, and shall be punished by a fine not exceeding two hundred dollars, and unless said fine be paid, shall be imprisoned in the county jail of said county until such fine be satisfied, such imprisonment not to exceed one day for each dollar of the fine. Such fines, when collected, to be paid into the county treasury for the use of the general fund of the county.

"2. This ordinance shall be published in the Bridgeport Chronicle-Union, a newspaper published in said Mono County, at least two weeks, said publication to be made for the period of fifteen days after the adoption thereof, and said ordinance to take effect in fifteen days after its adoption."

"The above ordinance was passed by the board of supervisors of Mono County, state of California, at a

regular meeting of said board, April 7, 1887, by the following vote:—

"Ayes,— H. Boone, L. Goodnow, William Davison, A. F. Hector, and J. A. Creaser.

"Noes,— None.

"Lloyd Goodnow, Chairman.

"Attest: O. H. Kister, Clerk.

"Indorsed: Ordinance No. 21.

"Filed and recorded in liber B, page 2, April 7, 1887.

"O. H. Kister, Clerk."

It is objected by petitioner that Ordinance No. 18 is void because not passed at a regular meeting of the board.

It appears that the board met on the sixth day of July, 1886, pursuant to its ordinance fixing the terms thereof, in accordance with the act of March 14, 1883, known as the "County Government Act."

Not having finished the business pending before it, the board "took a recess" from time to time, up to and including July 19th, on which last day the ordinance in question was passed.

The board had power to adjourn from day to day or from time to time until its business was completed. (*Ex parte Benninger*, 64 Cal. 291; *Ex parte Benjamin*, 65 Cal. 310.)

The fact that in adjourning from time to time the clerk used the term "recess" instead of "adjourn," we deem unimportant. The object of an adjournment to a given time, and of a record thereof, is to give to persons having business before the board notice of the time when they may have a hearing, as well as to retain the power of the board to act during the remainder of the term by showing that jurisdiction so to do is still claimed.

These objects are as well attained by the announcement that the board takes a recess until a specified hour or day, as by the use of the term "adjourn."

Nor do we think there was any irregularity in the proceedings of the board, in the fact that when it took a recess from say July 10th to July 19th, as a board of supervisors, and in the *interim* acted as a board of equalization.

By the complaint defendant is charged with having committed a misdemeanor in the county of Mono between June 25, 1887, and July 8, 1887, by willfully being engaged in and carrying on the business of grazing, herding, and pasturing sheep in said county without taking out or providing a license therefor, in violation of ordinances of the board of supervisors of said county, known as "Ordinance No. 18" and "Ordinance No. 21," specifying the dates of passage and the substance of their provisions.

This was sufficient to give the court jurisdiction of the subject-matter, and upon the proceedings had in the cause, to authorize the entry of judgment as rendered against defendant, unless such ordinances are void.

A writ of *habeas corpus* cannot be made the vehicle of determining mere errors, where a conviction has been had and the commitment thereon is in due form. If the court below had no jurisdiction of the offense charged, or if it affirmatively appears by the record that the prisoner was tried and sentenced for the commission of an act which, under the law, constitutes no crime, the judgment is void and the prisoner should be discharged. (*Ex parte Kearny*, 55 Cal. 214.)

The further contention of petitioner may be summarized as follows: —

Ordinances 18 and 21 are void because unreasonable, unjust, oppressive, partial, discriminating, unfair, special, in contravention of the general policy of state legislation, and violative of article 1, section 21, of the constitution of the state of California, and of the fourteenth amendment of the federal constitution.

Sections 11 and 12 of article 11 of our state constitution provides as follows: —

"Sec. 11. Any county, city, town, or township may make and enforce within its limits all such local, police, sanitary, and other regulations as are not in conflict with general laws.

"Sec. 12. The legislature shall have no power to impose taxes upon counties, cities, towns, or other public or municipal corporations, or upon the inhabitants or property thereof, for county, city, town, or other municipal purposes; but may, by general laws, vest in the corporate authorities thereof the power to assess and collect taxes for such purposes."

In *People* v. *Martin*, 60 Cal. 153, this court had occasion to pass upon section 12 of the present constitution, and in referring to taxes imposed for county purposes, used these words: "The power to impose such taxes for such purposes, in our opinion, no longer remains with the legislature; but the constitution expressly gives it the power, by general laws, to vest in the corporate authorities of the counties, cities, towns, or other public municipal corporations the power to assess and collect taxes for those purposes.

"The taking of the power to impose such taxes from the legislature, and vesting it in the local authorities, is but another of the many evidences to be found in the new constitution of the intention to bring matters of a local concern home to the people."

This decision was rendered in March, 1882.

The county government act, above referred to, was enacted in March, 1883. Subdivision 27 of section 25 of said act, defining powers and duties of supervisors, reads as follows: —

"To license, for purposes of regulation and revenue, all and every kind of business not prohibited by law, and transacted or carried on in such county, and all shows, exhibitions, and lawful games carried on therein;

to fix the rates of license tax upon the same, and to provide for the collection of the same by suit or otherwise."

In view of the judicial interpretation given to similar legislation by this court, and by the tribunals of sister states, we are unable to see wherein the ordinances under review are subject to the criticism of being unjust, excessive, oppressive, discriminating, special, unequal, and partial.

Ordinance No. 18 is general, in the sense that it applies alike to every person engaged in the business of raising, grazing, herding, or pasturing sheep in the county of Mono; and the rate of the license is left entirely to the discretion and judgment of the board of supervisors.   Upon this subject, Judge Cooley says: —

" A license tax cannot be deemed unequal because reaching one occupation only, if it is to reach all who follow that.   Let it reach all of a class, either of persons or things, it matters not whether those included in it be one or many, or whether they reside in any particular locality or are scattered all over the state."   (Cooley on Taxation, 128.)

" If a revenue authority is what seems to be conferred, the extent of the tax, when not limited by the grant itself, must be understood to be left to the judgment and discretion of the municipal government, to be determined in the usual mode in which its legislative authority is exercised; but the grant of authority to impose fees for the purpose of revenue would not warrant their being made so heavy as to be prohibitory, thereby defeating the purpose."   (Cooley on Taxation, 408.)

In the case of *Ex parte Frank*, 52 Cal. 610, this court, referring to similar objections, which were made to an ordinance, said: " But an ordinance will not be pronounced invalid by the courts on either of these grounds, unless in a plain case"; and adopted the rule applicable to this class of cases as stated in *St Louis* v. *Weber*, 44 Mo. 547.

In the case of *Cooper* v. *District of Columbia,* 4 McAr. 250, the same objections to a similar ordinance were discussed by the court. In that case, the defendant was prosecuted for selling as a produce dealer in the Washington Market without obtaining a license, as required by an ordinance of the District of Columbia. In passing upon the objections that the ordinance was unequal, unjust, discriminating, and unreasonable, the court said: " It is not for the court to decide whether the act is wise, or whether the members of the court would have voted for it. The discretion on the subject has been committed to the district government. When power is given to a municipality to pass laws necessary or proper to carry the power into effect, the degree of their necessity or propriety should not be minutely scrutinized." (*Glenn* v. *Mayor of Baltimore,* 5 Gill & J. 424.)

Also: " But by unreasonableness the courts do not simply mean that the tax must not be larger than the judges think was wise. It would be presumed to be reasonable if laid by an authority endowed with discretion on the subject."

" The objection that the license is in restraint of trade cannot avail when the power to impose it is granted." In this case the court refer to the *Railroad Cases,* 92 U. S. 612, and quote from the decision therein as follows: —

" Perfect equality and perfect uniformity of taxation, as regards individuals and corporations, or the different classes of property subject to taxation, is a dream unrealized. It may be admitted that the system that most nearly attains this is best; but the most complete system that can be devised must be imperfect." (*County of Amador* v. *Kennedy,* 70 Cal. 458.)

We do not deem it necessary to discuss the question as to whether the license in question is imposed for revenue purposes or for the purposes of regulation, for the

reason that the board possessed authority to impose it for either or for both. (*Ex parte Mount*, 66 Cal. 448.)

Herding and grazing stock is or may be a business; and it is upon such *business* that the license is imposed.

That the property used in any particular calling is subject to and has paid a property tax, *ad valorem*, as in this case, does not interdict the right to impose a license upon the business in which such property is used.

The constitutional provision in relation to uniformity of taxation does not apply to prevent such license tax for such reasons. (*St. Louis* v. *Green*, 6 Mo. App. 590; Cooley on Taxation, 389, 390.)

We do not find that any other or greater burden is imposed upon the defendant by the ordinances in question than are imposed upon all others similarly situated, and fail to see wherein there is any violation of the fourteenth amendment to the constitution of the United States, or of section 21 of article 1 of our state constitution.

The case of *Lassen County* v. *Cone*, 72 Cal. 387, is clearly distinguishable from the case at bar. There, the ordinance sought to discriminate against non-residents of Lassen County, and therein was unequal, and violative alike of the state and federal constitutions.

Upon the whole case as presented by the record, we are of opinion that the writ should be dismissed, and the prisoner remanded.

THORNTON, J., TEMPLE, J., PATERSON, J., MCFARLAND, J., and MCKINSTRY, J., concurred.