[Civil No. 1023.    Filed March 27, 1908.]

[95 Pac. 93.]

THE TERRITORY OF ARIZONA at the Relation of the LIVESTOCK SANITARY BOARD, Plaintiff and Appellant, v. JAMES KENNEY and FRED KENNEY, Copartners, Defendants and Appellees.

1. LICENSES—FEES—RECOVERY—REV. STATS. 1901, TIT. 42, LAWS 1903, ACT No. 26, LAWS 1905, ACT No. 51, CONSTRUED.—Under statutes and laws, *supra,* creating a livestock sanitary board, providing for a salaried veterinary surgeon, and for stock and slaughter-house inspectors, charging them with the duty of protecting livestock and the public, providing for the licensing of slaughtering business on payment of fees, and making it a misdemeanor for any person to engage in the slaughtering business until he shall have
XI Ariz.—23

obtained a license, where a license is not obtained, there is no obligation to pay the fee, and an action for its recovery cannot be maintained, although defendant may be criminally liable for engaging in business without a license, the provisions of such laws not being exercises of the taxing power, but of the police power.

APPEAL from a judgment of the District Court of the Second Judicial District, in and for the County of Cochise. Fletcher M. Doan, Judge. Affirmed.

The facts are stated in the opinion.

E. S. Clark, Attorney General, and D. L. Cunningham, for Plaintiff in Error.

The licenses required of butchers by Revised Statutes of 1901, title 42, Laws of 1903, page 40, No. 26, and Laws of 1905, page 65, No. 51, are for the purpose of revenue, and not wholly for police regulation. *Territory* v. *Connell*, 2 Ariz. 339, 16 Pac. 209. The legislative description of a measure as a tax, or a license, is not controlling. Gray on Limitations of Taxing Power, and Public Indebtedness, par. 1404, and authorities cited in note; Cooley on Taxation, 396. A police regulation tax in excess of the sum necessary to cover the costs of issuing the license and the incidental expenses attending the regulation of the business is a tax for revenue and not a license. *Ellis* v. *Frazier*, 38 Or. 462, 63 Pac. 642, 53 L. R. A. 454; *In re Wan Yim*, 22 Fed. 701; *City* v. *Treager*, 25 Minn. 248, 33 Am. Rep. 462. There can be no doubt that the license required of butchers under the law is a revenue measure. Laws 1905, sec. 49, c. 51, Act 26; Laws 1903, sec. 18; Rev. Stats., par. 3019. Other provision is made in said enactments for the regulation of the business of slaughtering, where fees are payable therefor, leaving the amount paid for license intact, to be placed in the license and inspection fund. The burden is therefore in the nature of a tax for revenue, and is laid in a uniform manner on all of the several classes. *State* v. *Seaboard Ry.*, 52 Fed. 450; Act No. 26, sec. 13, *supra;* c. 51, sec. 54, *supra;* Rev. Stats. 1901, par. 3009.

No special provision is made for a remedy or method of enforcing the payment. For the legislature to make the failure to take out a license, when the license is for revenue, a misdemeanor, and to declare such misdemeanor punishable by

fine, is not an adequate remedy or method for the collection of the tax. *City of Lexington* v. *Wilson,* 118 Ky. 221, 80 S. W. 811. The general rule seems to be, that where the legislature has not authorized any method of collecting a tax, but has paid the tax, a civil action at law will lie to collect it. Gray on Limitations of Taxing Power in United States, p. 583, sec. 1174; *State* v. *New York etc. Ry.,* 60 Conn. 326, 22 Atl. 765; *Baltimore* v. *Howard,* 6 Har. & J. (Md.) 383; *American Coal Co.* v. *County Commissioner,* 59 Md. 185; *Gatling* v. *Commissioner,* 92 N. C. 536, 53 Am. Rep. 432; *Mayor etc. of City of Jonesborough* v. *McKee,* 2 Yerg. 167; *Cave* v. *City of Houston,* 65 Tex. 619; *State* v. *Severance,* 55 Mo. 378; *State* v. *Tittmann,* 103 Mo. 553, 15 S. W. 936; *Richards* v. *Commissioner,* 40 Neb. 45, 42 Am. St. Rep. 650, and note, p. 655, 58 N. W. 594; *Board of Commrs. Dawes County* v. *Furay,* 5 Neb. (Unof.) 507, 99 N. W. 271; *Hanson* v. *Gray,* 12 S. D. 124, 76 Am. St. Rep. 591, 80 N. W. 175; *Lexington* v. *Wilson,* 118 Ky. 221, 80 S. W. 811; Black on Tax Titles, 2d ed., sec. 151, and note 9. Even though the well-settled rule is that when the law provides a method for the collection of a tax, the method prescribed, in most cases, must be strictly pursued, and that such method is generally exclusive, and in such case a civil action will not lie, unless the statute expressly authorizes it, still this rule is not binding on the state (territory), and it may disregard the statutory remedy prescribed by the legislature and adopt for its benefit, in enforcing its rights, any remedy it may see proper. *Dollar Savings Bank* v. *United States,* 19 Wall. 227, 22 L. Ed. 80; *Meredith* v. *United States,* 13 Pet. 486, 10 L. Ed. 258; *State* v. *Georgia Co.,* 112 N. C. 34, 17 S. E. 10, 19 L. R. A. 485; *People* v. *Herkimer,* 4 Cow. (N. Y.) 345, 15 Am. Dec. 379.

Neale & Ross, for Defendants in Error.

There is a clear distinction between a license fee as such and a "tax" in its legal sense. The statute required those engaged in the business of slaughtering to give a bond before doing business. The license required is the price for the privilege or franchise of doing business and is required as a means of regulating. *Arkadelphia Lumber Co.* v. *Arkadelphia,* 56 Ark. 370, 19 S. W. 1053, 1054. There is a clear distinction between a license granted or required as the condition may be, before a certain thing can be done, and a tax assessed on the business in which that license may authorize

one to engage. A license is a writ granted by some competent authority to do an act, which without such license would be illegal; while a tax is a rate or sum of money assessed on the personal property, etc., of a citizen. *Home Ins. Co.* v. *City of Augusta,* 50 Ga. 530. A license fee imposed by a city on provision brokers is not a tax in the constitutional sense. *Braun* v. *City of Chicago,* 110 Ill. 186. It should be borne in mind that there is a great difference between the cases where a tax is due and owing, merely by virtue of its imposition as a tax on property, and cases where a tax or fee does not become due and owing until some act is done, as engaging in the butcher business and applying for and taking out a license, in which latter class the tax or fee is not due until the license is issued. So that it is not material to determine whether or not the remedy provided by statute is adequate, or whether or not it is exclusive of any other remedy. The simple fact is, that the fee is not due until the license is issued and the complaint alleges that no license was ever applied for or issued, and therefore does not state facts sufficient to constitute a cause of action. *Santa Cruz* v. *Santa Cruz R. R. Co.,* 56 Cal. 143, 149; *People* v. *Raynes,* 3 Cal. 366; *People* v. *Craycroft,* 2 Cal. 243, 56 Am. Dec. 331.

NAVE, J.—The territory of Arizona, at the relation of the livestock sanitary board, brought suit against James and Fred Kenney, copartners doing business under the name of Kenney Bros., to recover $150 alleged to be due from Kenney Bros. by reason of the fact that during the year 1905 they were engaged in the slaughtering business, but did not apply for or procure a license for that business, or pay to that board by way of a license the amount of the license fee, though payment thereof was demanded of them. Kenney Bros. demurred to the complaint on the ground that it does not state a cause of action. The demurrer was sustained, and judg-. ment rendered against the plaintiff. From this judgment the plaintiff has sued out a writ of error.

The livestock laws as contained in title 42 of the Revised Statutes of 1901, Act No. 26, page 40, Laws of 1903, and Act No. 51, page 65, Laws of 1905, are involved in the consideration of this case. These laws provide for the establishment of the livestock sanitary board, a salaried body, for a salaried secretary of that body, for a salaried veterinary surgeon, and for stock inspectors, slaughter-house inspectors, and detec-

tives.   These officials are charged with the duty of protecting livestock in the territory from contagious and infectious diseases, discovering and destroying diseased stock, protecting the public from diseased and unwholesome meat products, and protecting stock owners from the theft of their stock.   Among other details of the system there is a provision under which the board shall grant licenses to persons engaged in the slaughtering business upon the payment of varying fees.   The fee applicable to the defendants in error is $150.   It is made a misdemeanor for any person to engage in slaughtering until and unless he shall have obtained such license.   Furthermore, all such persons are required to give bond to the territory of Arizona conditioned that they shall not slaughter or expose for sale any animal or meat thereof, which they do not own, with a penalty for violation of the condition, accruing in shares to the true owner, the informer, and the license and inspection fund.   All license fees are placed in the license and inspection fund, which fund is used upon the order of the board for the payment of inspectors, of attorneys' fees, and of such other expenses as may be incurred in enforcing the stock laws.   All fees for inspection, and all other sums of money accruing by reason of any provisions of these laws, are placed in that fund for that purpose, excepting those which go directly to inspectors as their compensation.   A system of stock inspection and carcass inspection is provided, involving the supervision not only of slaughtering, but also of animals upon the range, of their removal from one range to another, and of their transportation into, through, or out of the territory.   There is no provision authorizing action to collect the license fees, nor method pointed out to enforce such collection, except by the indirect means of criminal prosecution. The demurrer was sustained upon the theory that an action to collect such fees is not maintainable.

The territory makes two contentions: First, that the fee for which it sues is imposed as a tax for revenue purposes; and second, that, there being no specific provision by law for the collection of that tax, the territory may avail itself of the general laws, and bring this action as for a debt; citing *Lexington* v. *Wilson,* 118 Ky. 221, 80 S. W. 811; *Dollar Savings Bank* v. *United States,* 19 Wall. (U. S.) 227, 22 L. Ed. 80, and other decisions of which these are typical.   The statutes which we have summarized patently are intended solely for the regulation of the livestock and butchering businesses, with

a view to protecting owners of livestock and purchasers of meats. They contemplate the obtaining by their various fee provisions of only sufficient funds for the maintenance of the system. The license provisions are therefore not exercises of the taxing power, but exercises of the police power. Cooley on Taxation, c. 19; Gray on Limitations of Taxing Power and Public Indebtedness, c. 20; *Arkadelphia Lumber Co.* v. *Arkadelphia,* 56 Ark. 370, 19 S. W. 1053; *Ellis* v. *Frazier,* 38 Or. 462, 63 Pac. 642, 53 L. R. A. 454; *State* v. *Ashbrook,* 154 Mo. 375, 77 Am. St. Rep. 765, 55 S. W. 627, 48 L. R. A. 265; *City of Terre Haute* v. *Kersey,* 159 Ind. 300, 95 Am. St. Rep. 298, 64 N. E. 469.

We are not cited to any authority suggesting that, in advance of the issuance of the licenses, such license fees can be collected by suit, except by virtue of specific statutory authority. The law before us does not give rise to an obligation, but offers an opportunity of which one desirous of engaging in the licensed business may avail himself. Of it, however, he cannot be compelled to avail himself, except in so far as such compulsion may be effected by criminal prosecution. The fee is to be paid for the license. When a license is not obtained, there cannot be implied an obligation to pay for a license, merely by reason of the unlawful engaging in the business. *Santa Cruz* v. *Santa Cruz R. R. Co.,* 56 Cal. 143; *Monterey Co.* v. *Abbott,* 77 Cal. 541, 18 Pac. 113, 20 Pac. 73; *Merced Co.* v. *Helm,* 102 Cal. 166, 36 Pac. 399.

The complaint does not state a cause of action. Wherefore the judgment must be affirmed.

KENT, C. J., and SLOAN and CAMPBELL, JJ., concur.