THE CITY OF WYANDOTTE, *et al.*, v. GEORGE B. WOOD, *et al.*

*Error from Wyandotte County.*

1. SPECIAL LEGISLATION : CITY LIMITS.—A special act of the Legislature, that attempts to extend the corporate limits of an incorporated city, over land which was before that time not within the corporate limits of said city, [*L.* '67, 284,] is unconstitutional and void.

2. ID : TAXATION.—Said act of the Legislature can confer upon said city no power to tax said land.

———————

1. CONSTITUTIONAL LAW : SPECIAL LEGISLATION.—That act is in contravention of article 12, sections 1 and 5 of Kansas constitution.

2. ID: CORPORATE POWERS.—The enlarging of municipal boundaries, and thereby extending the laws of the municipality over the annexed territory, it seems is a creation of corporate powers for such territory.

The facts of the case fully appear in the subjoined opinion of the court.

*S. A. Cobb* and *Ed. A. Bartlett*, for plaintiffs in error.

*M. B. Newman*, for defendant in error.

*For plaintiffs*, it was submitted:

1. Courts favor the validity of the law which is in question, and where courts are called upon to pass on a law that has been duly framed by the legislature, they will never decide that it is invalid unless this is proved beyond a reasonable doubt, and a statute will in no case be deemed absolutely void. *Ogden v. Sanders*, 12 *Wheat.*, 270; *Wellington et al., Petitioners, etc.*, 16 *Pick.*, 87; *The People v. Draper*, 15 *N. Y.*, 545, 549; *Morris v. The People*, 3 *Denio*, 394; *Fletcher v. Peck*, 6 *Cranch*, 87; *Ex part Colburn*, 1 *Cow.*, 564; *Kansas v. Young, et. al.*, 3 *Kas.*, 445; *Wales v. Belcher*, 3 *Pick.*, 512.

2. A municipal corporation is the creature of the legislature, and the legislature may exercise as complete control over a municipality after as before its charter, if it choses to do so. *Story on Con.*, § 310; 2 *Kent. Com.*, 305; *Dartmouth College v. Woodward*, 4 *Wheat.*, 661 *and* 664; *Harris v. Thompson*, 9 *Barb.*, 364; *People v. Wren*, 4 *Scam.*, 273; *Wales v. Belcher*, 3 *Pick.*, 508.

3. This case does not come within the rule adopted in Atchison v. Bartholow, [4 *Kas.*, 124,] because the act in question does not confer corporate powers within the meaning of the prohibition in section 1, article 12 of the constitution. It merely extended the power already conferred by the original charter of the city, over adjacent lands. [2 *Kent. Com.*, 325; *Cleveland R. R. Co. v. Erie*, 27 *Pa.*, 380; *Moers v. City of Reading*, 21 *Pa.*, 188.] In the case of Atchison v. Bartholow, the act complained

of created an entirely new power to make assessments on all the taxable property in the city for opening and grading all streets and avenues, and for building all bridges, etc.; that the provisions of that act should apply to all improvements which might have been made or contracted to be made in the year 1865, and that the assessments for the payment thereof should be made in accordance with the provisions of this act.

4. An enlargement of corporate limits is a legitimate exercise of legislating power. *Morford v. Unger,* 8 *Iowa,* 83; *Bloodgood v. R. R.,* 18 *Wend.,* 24 *et seq.*; *Cheany v. Hooser,* 9 *B. Munroe,* 330; *Mosier v. Hilton,* 15 *Barb.,* 664; *People v. Bowen, et al.,* 21 *N. Y.,* 517; *Riley v. Rochester,* 9 *N. Y.,* 72.

5. The general incorporation law, incorporating cities of the second class, did not take effect until March 2d, 1867, while the act extending the incorporate limits of the city of Wyandotte, took effect February 23d, 1867. There was no general law in existence, under which the limits of the city could have been enlarged, and there was no other way by which the limits of the city could have been extended legally. *See L.* '67, 127, 284.

6. In section 17 of article 2, of the constitution, it is provided     *     *     *     "that in all cases where a general law can be made applicable, no special law shall be enacted." This provision leaves a discretion with the legislature. The judiciary cannot review the judgment of the legislature. *State of Kansas, ex rel., Johnson, et al.,* 1 *Kas.,* 184; *Mosier v. Hilton,* 15 *Barb.,* 657, 664; *People v. Bowen, et al.,* 21 *N. Y.,* 517.

*Newman for defendants,* submitted:

1. No special law can be enacted in Kansas, where

a general law can be made applicable.  *Const. of Kas.,*
*Art.* 2, § 17.

2.  Legislative discretion in the premises should be
respected, but such is not the paramount rule of con-
struction.  *State, ex rel., Johnson, etc.,* 1 *Kas.,* 184, 185;
*Atchison v. Bartholow,* 4 *id.,* 148, 149.

3.  Laws repugnant to the constitution are void, [1
*Kent's Com., pp.* 448, 449] and it is in the power of the
judiciary to declare them. void.  *Id.* 449, *et seq.*

Wyandotte is a city of over 2,000 inhabitants, and
less than 15,000 inhabitants, (see census reports) and is
therefore a city of the second class, [*Gen. Stat.,* 154, § 1,]
and governed by the provisions of said act, of which
section 93, page 180, of general statutes, makes general
provison for the extension of corporate limits.

5.  The general law for incorporating cities of the
second class, and the special act to extend the corporate
limits of Wyandotte city, were passed concurrently, and
both approved of same date.  *See L.* '67, 127, 284.

*By the Court,* VALENTINE, J.

The facts of the case are substantially as follows: On
the 23d day of February, A. D. 1867, the legislature of
the State of Kansas passed a special act extending the
corporate limits of the city of Wyandotte over certain
lands belonging to the defendants in error, George B.
Wood and David E. James.  *Laws of* 1867, *page* 284.

In the year 1868 the city of Wyandotte levied cer-
tain taxes on these lands, and the said Nicholas McAl-
pine, as treasurer of said county, was about to proceed
to collect the same, when the said Wood and James com-
menced this action for the purpose of restraining the
collection of said taxes.

At the final trial of the action the court below granted a perpetual injunction in the case, forever restraining the said treasurer from collecting said taxes; and this action of the court below the plaintiff assigns for error.

Supposing the plaintiffs in error have got a sufficient record here, so that the action of the court below may be reviewed by this court, (which is doubtful,) then the whole question involved in the case depends upon the validity of the act of the legislature before referred to.

If that act is valid, the said land is a part of the said city of Wyandotte, and is subject to city taxes; but if that act is not valid, said land is not within the limits of said city, and is not therefore subject to the said taxes imposed upon it by said city.

That act is a *special* act, and for that reason we think it is in contravention of section one
<span style="font-size:small">SPECIAL LEGISLA-<br>tion: City<br>Limits.</span>
and section five of article twelve of the constitution of the State of Kansas, and is therefore null and void.

In a very important case, in which Chief Jus-
<span style="font-size:small">CONSTITUTIONAL<br>Law: Municipal<br>Corporations.</span>
tice CROZIER delivered a very able opinion, this court decided that said sections of the constitution apply as well to municipal corporations as to other corporations; and the court also decided that no corporate powers could be conferred by special legislation. [*Atchison v. Bartholow*, 4 *Kas.*, 124.] Upon this latter point the sections themselves are too plain to admit of any other construction. Section one reads: "The legislature shall pass no special act conferring corporate powers. Corporations may be created under general laws, but such laws may be amended or repealed." And section five reads: "Provision shall be made by general law for the organization of cities, towns, villages; and their power of taxation, assessment, borrowing money,

contracting debts and loaning their credit, shall be so restricted as to prevent the abuse of such power."

Now if the conferring of all the corporate powers of the city of Wyandotte, over territory where such corporate powers did not before exist, is not conferring corporate powers, we hardly know what to call such an act. If this land was legally added to the city of Wyandotte, then other land all around the city may be legally added thereto, by special enactment; and all the officers of said city may be elected from the newly acquired territory. The old portion of the city may then be stricken from the city, and leave the new portion alone to exercise all the corporate powers, and this may be done too, by special enactment.

We think said act is void, and that the city of Wyandotte had no power to tax said land, and therefore the judgment of the court below must be affirmed.

All the justices concurring.