CORPORATE POWERS OF CITY OF COUNCIL GROVE.

1. SPECIAL ACTS, *Conferring Corporate Powers, Void.* The act of the legislature entitled "An act authorizing cities therein named to become cities of the second class," approved 29th February 1872, a special act conferring corporate powers upon four particular municipal corporations, is unconstitutional and void, being in contravention of section 1 of article 12 of the constitution, which provides that "the legislature shall pass no special act conferring corporate powers."

2. CITY OF COUNCIL GROVE; *Population; Organization.* The city of Council Grove was organized as a city of the second class, under said special act, and was never organized as a city of the second class under any other act, and has never had a population of two thousand inhabitants. *Held,* That said city is not rightly or legally a city of the second class.

*Original Proceedings in Quo Warranto.*

ON the 23d of January 1878, M. B. Nicholson, county attorney of Morris county, as relator, brought an action in this court in the name of *The State of Kansas*, plaintiff, against *John Maloy*, acting mayor, *R. M. Wright*, acting police judge, *D. J. Keizer*, acting marshal, *C. H. Shaffer*, acting city clerk, *R. M. Armstrong*, acting treasurer, *Ellis Smalley, A. J. Marks W. H. White, H. W. McNay, F. L. Richter,* and *E. S. Bertram*, acting city councilmen, and also against the acting members of the board of education, of the *City of Council Grove,* in said Morris county, to inquire by what warrant or authority said mayor and other officers exercise the powers and duties of the respective offices occupied and claimed by them. The action was tried at the July Term 1878 of this court. All necessary facts will appear in the subjoined opinion. The act referred to is ch. 101, Laws of 1872, page 231.

*M. B. Nicholson,* county attorney, and *Willard Davis,* and *H. B. Johnson,* for plaintiff:

The act of the legislature, entitled "An act authorizing cities therein named to become cities of the second class," approved 29th February 1872, under which Council Grove

claims to be a city of the second class, is unconstitutional, and void.

1. The subject of this bill is not expressed in its title, as required by the constitution. (Art. 2, § 16.) The bill declares certain cities *to be* cities of the second class, while the title only purports to authorize them to *become* such. The purpose of this constitutional provision was, that the *title of the act* should afford information, and not be misleading and deceptive; 71 Ill. 229; 11 Bush. (Ky.) 74; 77 Penn. St. 77.

2. This act is a special law, and relates to a subject to which a general law could be made applicable, and is therefore in conflict with the constitution. (Art. 2, § 17.) While the courts have a tendency to hold that the legislature must determine when a general law can be made applicable, (1 Kas. 178,) yet they have never entirely relinquished the jurisdiction to declare void an act clearly violative of this provision of the constitution. Here it is not only perfectly apparent that a general law could be made applicable to the case of these cities, but the fact appears that on the day previous the legislature passed a general law applicable to cities of the second class, as contemplated by the constitution.

3. But this act is not only a special law, but it is a special act conferring corporate powers, and is therefore in conflict with a further provision of the constitution. (Art. 12, § 1.) This proposition is too well settled to require further discussion. 4 Kas. 124; 5 Kas. 603; 9 Kas. 689; 10 Kas. 491; 20 Ohio St. 18.

*John Maloy*, for defendants.

The opinion of the court was delivered by

VALENTINE, J.: This is an action in the nature of *quo warranto*, brought originally in this court, ostensibly for the purpose of inquiring by what authority the defendants, John Maloy, and others, are assuming to exercise the powers, duties, and functions of officers of the city of Council Grove, as a city of the second class, but really for the purpose of

having the question determined whether the said city of Council Grove is a city of the second class, or not. If Council Grove is a city of the second class, then it is admitted by the prosecution that the defendants are rightfully assuming to exercise all the powers, duties, and functions as officers of said city, as a city of the second class; but if Council Grove is not a city of the second class, then it is admitted on the other hand by the defendants that they are wrongfully assuming to exercise the powers, duties, and functions of officers of said city, as a city of the second class. The action was brought in this court in the name of the state of Kansas by and on the relation of the county attorney of Morris county, in which county the said city of Council Grove is situated, and the action is prosecuted in this court by said county attorney and the attorney general. Some of the facts of this case have been admitted by the pleadings, others have been agreed upon by the written stipulation of the parties, and the balance of them have been proved by the introduction of evidence on the trial. The facts so far as it is necessary to state them, seem to be substantially as follows: On the 14th of March 1872, the said city of Council Grove was a city of the third class, and contained a population of about ten or eleven hundred inhabitants. It has never before, or since, had a population of two thousand inhabitants. On that day an act of the legislature, entitled, "An act authorizing cities therein named to become cities of the second class," which was approved 29th February 1872, took effect. (Laws of 1872, pp. 231, 232.) That act provided as follows:

"From and after the next municipal election which shall be held under the provisions of the act governing cities of the second class, the cities of Osage Mission, Wichita, Council Grove, and the town of Sabetha in Nemaha county, shall be constituted cities of the second class, and governed in all respects by the acts governing cities of the second class; and it is hereby made the duty of the mayor and council of said cities, respectively, to immediately, upon the passing and taking effect of this act, to divide said cities respectively into two or more wards, said division to be in operation at said

municipal election, and also to give notice, as is provided to
be given under the act governing cities of the second class,
for the election of a mayor and councilmen, and all other
elective officers provided for by the act governing cities of
the second class; provided, that all ordinances which shall be
in force in said cities respectively, as cities of the third class,
not inconsistent with the acts governing cities of the second
class, at the date of the next municipal election, shall remain
in force until changed or repealed by ordinances duly en-
acted."

Under this act the city of Council Grove was duly organ-
ized as a city of the second class. It was so organized during
the months of March and April 1872, and it has continued
to act as a city of the second class ever since. It was never
organized as a city of the second class in any other manner
than as above stated. There is no pretense that it was ever
organized under the provisions of section 1 of the act to in-
corporate cities of the second class, approved 28th February
1872, (Laws of 1872, page 192;) and as before said, it has
never had the requisite population of two thousand inhab-
itants to organize under that act.

It is admitted by the parties to this case that the only
question involved in this case is, whether the said special act
authorizing the cities of Osage Mission, Wichita, Council
Grove, and the town of Sabetha, to become cities of the
second class, is valid, or not. If it is valid, then the prosecu-
tion admits that the city of Council Grove is a city of the
second class, and that the defendants in this case are the
proper officers thereof; but if said act is not valid, then it is
admitted by the defendants that said city is not legally a city
of the second class, and that they are not legally officers of
any such city, and that this action may be maintained.

It is claimed by the prosecution that said special act is
unconstitutional, and therefore invalid, for three different
reasons. We shall however consider only the third reason
presented by the prosecution, for we think that that reason is
sufficient. The act is in contravention of section 1, article
12, of the constitution. That section of the constitution

provides that "The legislature shall pass no special act conferring corporate powers." Here we have a special act conferring immense corporate powers — all the corporate powers of cities of the second class — upon each of four different municipal corporations. This cannot be done. The reasons we think are obvious. But if any person should desire to pursue the subject further, we would refer him to the following authorities, to-wit: *City of Atchison v. Bartholow*, 4 Kas. 124, 141, et seq.; *City of Wyandotte v. Wood*, 5 Kas. 603, 607, 608; *Gilmore v. Norton*, 10 Kas. 491, 503, et seq.; *State v. Cincinnati*, 20 Ohio St. 18, 34, et seq.

It follows, that the said city of Council Grove is not rightfully or legally a city of the second class, and that the defendants are not rightfully or legally officers of any city of the second class. Judgment will therefore be rendered in favor of the state, and against the defendants, as prayed for in the plaintiff's petition.

All the Justices concurring.