## LEWIS *v.* VARNEY, CONSTABLE.

(167 Pac. 271.)

**Statutes—Special or Local Legislation—Punishment of Crime.**
  1. General Laws of 1917, page 794, providing a license tax for dogs to be collected by the constables in the several counties declared to be subject to the law, etc., Section 10 providing that any person violating the act shall be deemed guilty of a misdemeanor, which excepts from its operation all of the territory east of the summit of the Cascade Mountains, and the counties of Josephine, Jackson, Coos, Curry, Lincoln, Tillamook, Clatsop and Columbia, is violative of Article IV, Section 23 of the Constitution, providing that the legislature shall not pass special or local laws for the punishment of misdemeanors.

Original proceedings in Supreme Court.

The plaintiff, Irwin W. Lewis, sought by *mandamus* to compel the defendant, Percy M. Varney, constable of Salem District, Marion County, Oregon, to enforce

an act passed by the twenty-ninth legislative assembly of Oregon, commonly known as the "dog license law" (Laws 1917, p. 794, c. 369), or show cause why he has not done so. The defendant demur to the alternative writ. Demurrer sustained.

*Mr. Ernest R. Ringo,* for the demurrer.

*Mr. Everil M. Page* and *Mr. Philip J. Kuntz, contra.*

In Banc. Mr. Justice Benson delivered the opinion of the court.

An alternative writ of *mandamus* having issued out of this court, directing the defendant, a constable, to enforce the provisions of Chapter 369, General Laws of Oregon, 1917, or show cause why he has not so done, the defendant demurs to the writ, the sufficiency of which is the question here considered. The statute in relation to which this controversy arises, provides for a license tax for dogs, to be collected by the constables in the several counties which are declared to be subject to the law, and to be paid to the several county treasurers, and by them kept as the "dog fund," and to be used in payment of damages to those whose sheep, poultry, etc., have been injured by vagrant dogs. Section 10 of the act reads as follows:

"Any person violating any of the provisions of this act shall be deemed guilty of a misdemeanor and subject to a fine not to exceed $50.00 or by imprisonment in the county jail not to exceed twenty-five days, or by both such fine and imprisonment."

Section 1 of the act excepts from its influence all of the territory east of the summit of the Cascade Mountains, and the counties of Josephine, Jackson, Coos, Curry, Lincoln, Tillamook, Clatsop and Columbia.

85 Or.—26

It will therefore be observed that the statute is to be enforced in a comparatively small portion of the state. It should also be noted that Section 10, quoted *supra,* makes the act a criminal statute. Article IV, Section 23, of the Constitution contains the following paragraphs:

"The legislative assembly shall not pass special or local laws in any of the following enumerated cases, that is to say—1. Regulating the jurisdiction and duties of Justices of the Peace and of Constables; 2. For the punishment of crimes and misdemeanors."

The act in question is a local law as defined in *Maxwell* v. *Tillamook County,* 20 Or. 495 (26 Pac. 803), in which Mr. Justice LORD, speaking for the court says:

"Hence, if the act in question is local or special,—obnoxious to either objection,—the legislature was without power to enact it, and the act is without any validity. A local act applies only to a limited part of the state; it touches but a portion of its territory, a part of its people, or a fraction of the property of its citizens."

Further comment is unnecessary. The act is clearly in violation of the constitutional inhibition above quoted. There are several other points discussed in the briefs, but it is not necessary to notice them here.

The demurrer to the writ is sustained and the writ dismissed. In accordance with a stipulation of the parties, neither will recover costs.

DEMURRER SUSTAINED.