Argued at Pendleton November 3, affirmed December 6, 1927.

# ARTHUR EVERT v. OREGON AND WESTERN COLONIZATION CO. ET AL.

### (261 Pac. 443.)

**Statutes—Act Providing for Issuing Delinquent Tax Certificates Within Irrigation and Drainage Districts Held not Unconstitutional as Being "Special or Local Law" (Laws 1923, p. 187; Const., Art. IV, § 23, subd. 10).**

1. Laws of 1923, page 187, providing for issuance of delinquent tax certificates against lands within irrigation and drainage districts without any action of County Court and providing for their foreclosure, *held* not a "special or local law for the assessment and collection of taxes for state, county, township, or road purposes," in violation of Article IV, Section 23, subdivision 10, Constitution. A local law is one operating within a limited boundary. A special law is one applicable to particular individuals or things.

**Statutes—"General Law" is not Local or Special Within Meaning of Constitutional Provision Prohibiting "Special or Local" Laws for Tax Assessment and Collection (Const., Art. IV, § 23, Subd. 10).**

2. A "general law" affects the public generally or in classes and is not local or special, within the meaning of Article IV, Section 23, subdivision 10, Constitution, prohibiting "special or local laws for the assessment and collection of taxes for state, county, township, or road purposes." Local laws operate only within specified localities, and special laws apply to particular persons or things.

**Statutes—Statute Operating Equally Within Class of Persons or Things is Valid Against Constitutional Prohibition of Local and Special Laws, Unless Classification is Arbitrary.**

3. A statute operating equally within a certain classification of persons or things is valid against constitutional prohibition of local and special laws, unless the classification is arbitrary, unreasonable or unjust.

**Constitutional Law—Legislative Discretion in Classifying Persons or Things is not Subject to Review Except to Determine Whether Classification is Arbitrary.**

4. In determining whether a statute is a general law or a special or local law, legislative discretion in classifying persons or things is not subject to review by the courts except to determine whether

---

2. What are local or private laws, see notes in 23 Am. Dec. 543; 1 Am. St. Rep. 903; 4 Ann. Cas. 659. See, also, 25 R. C. L., Statutes, §§ 9, 65.

3. See 6 R. C. L., Constitutional Law, § 369, et seq.

the classification made by the statute is arbitrary, unreasonable or unjust.

**Statutes—Act Providing for Issuing Delinquent Tax Certificates Within Irrigation and Drainage Districts Held not to Make Arbitrary, Unreasonable or Unjust Classification (Laws 1923, p. 187; Const., Art. IV, § 23, Subd. 10).**

5. Laws of 1923, page 187, providing for issuance of delinquent tax certificates against lands within irrigation and drainage districts without any action of County Court, and providing for foreclosure, *held* not to make arbitrary, unreasonable or unjust classification, and hence not to be unconstitutional, under Article IV, Section 23, subdivision 10, Constitution, prohibiting special and local laws for the assessment and collection of taxes for state, county, township or road purposes.

**Constitutional Law—Statute Should not be Declared Unconstitutional Unless It Plainly Conflicts With Constitution.**

6. Power of courts to declare statute unconstitutional should not be exercised unless there is a plain conflict between the statute and the Constitution.

Constitutional Law, 12 C. J., p. 1129, n. 18, p. 1130, n. 24, 25, 28, 30, p. 1133, n. 9 New, p. 1148, n. 18.
Statutes, 36 Cyc., p. 985, n. 69, p. 986, n. 70, 71, 72, p. 987, n. 73, p. 989, n. 79.

From 'Crook: T. E. J. DUFFY, Judge.

In Banc.

AFFIRMED.

For appellants there was a brief over the name of *Mr. M. R. Elliott,* with an oral argument by *Mr. J. W. McCulloch.*

For respondent there was a brief over the name of *Mr. Donald M. Graham,* with an oral argument by *Mr. N. G. Wallace.*

RAND, C. J.—This is an appeal from a decree foreclosing a delinquent tax certificate upon lands within the Ochoco Irrigation District in Crook County, issued pursuant to the provisions of Chapter

6. See 6 R. C. L., Constitutional Law, § 77.

128, Laws of 1923. The proceedings were instituted by the filing by plaintiff of a petition in regular form praying for the foreclosure of a delinquent tax certificate. The defendant, Oregon and Western Colonization Company, was named as the defendant in said petition. That company failed to appear in the suit and the defendant, Ochoco Company, filed its petition for intervention, setting up that it had acquired title to the lands described in the certificate and was the real party in interest. Its petition was granted and, as intervener, it filed a general demurrer to plaintiff's petition for a foreclosure of the delinquent tax certificate. Its demurrer being overruled, it failed to further plead and now appeals from the decree foreclosing the delinquent tax certificate.

By its demurrer, the defendant, Ochoco Company, attacks the constitutionality of Chapter 128, Laws of 1923, upon the ground that the act is a local and special act "for the assessment and collection of taxes for state, county, township or road purposes," in violation of Article IV, Section 23, subdivision 10, of the state Constitution, and this presents the sole question for decision.

The act in question provides for the issuance of delinquent tax certificates against lands within irrigation and drainage districts without any action of the County Court and provides for their foreclosure at any time after the expiration of one year from the first date of delinquency, while under the general tax laws of this state, before a certificate of tax delinquency may be issued, the County Court, while sitting for the transaction of county business, shall enter an order directing the sheriff to issue certificates, and before there can be a foreclosure of a delinquent tax certificate three years must have elapsed.

1, 2. The defendant contends that, under the constitutional provision referred to, it was not within the power of the legislature to enact a law prescribing, in respect to the matters referred to, a different law for the collection of taxes upon lands located within irrigation and drainage districts than that provided for lands outside such districts and, since this law has that effect, it is a local and special law and comes within the inhibition of the Constitution. Defendant bases this contention largely upon the decision in *Maxwell* v. *Tillamook County*, 20 Or. 495, but we do not think that the language and reasoning in that case sustains the contention. It was there held that, since the Constitution contains the words "local or special," and that since a law may be one without being the other, each word must be given its proper signification and that, if a law offends by being one or the other in any of the cases enumerated in the Constitution, it is inoperative and void. But it was also held in that case that the words "local or special" are clearly used in contradistinction from the word "general," and, from this, it follows that if the act in question is a general law it is not a local or special law within the meaning of the Constitution.

A local law is one operating upon persons or property within a limited boundary or specified locality. It is not the extent of the territory over which it operates that alone determines whether the law is general or local, or the number of persons who are to be governed by it. "To be local legislation, it must apply to and operate exclusively upon a portion of the territory of the state and the people living therein," and upon no other persons or property, "for if it applies to and operates on persons or property beyond such locality, it is not local." "A

special statute is one that is only applicable to particular individuals or things. 'They are those made,' says Mr. Sutherland, 'for individual cases, or for less than a class, requiring laws appropriate to its peculiar condition and circumstances; local laws are special as to place.' Suth. Stat. Const., § 127.'' *Maxwell* v. *Tillamook County, supra.* A public or general law is one which affects the public either generally or in some classes.

" * * Whether laws are general or not, does not depend upon the number of those within the scope of their operation. They are general, 'not because they operate upon every person in the State, for they do not, because every person, who is brought within the relations and circumstances provided for, is affected by the laws.' Nor is it necessary, in order to make a statute general, that 'it should be equally applicable to all parts of the State. It is sufficient if it extends to all persons doing or omitting to do an act within the territorial limits described in the statute.' " *People ex rel.* v. *Hoffman,* 116 Ill. 597 (5 N. E. 599, 56 Am. Rep. 793).

The act in question does not provide for the Ochoco Irrigation District alone or for any specific irrigation or drainage district. If it did it would be a local or special law, but it provides for all of the irrigation and drainage districts within the state and, therefore, it provides for all of a class and not for a part of a class, and is not a local or special law but is a general law providing for all persons and property coming within the designated class.

" * * In order, however, that a statute shall be valid which contains a classification of persons or things for the purpose of legislation, such classification must be a reasonable one, and must be based on real distinctions in the subject matter which bear

some relation to the object sought to be accomplished by the statute." 12 C. J. 1148, 1149.

3, 4. If there is reasonable ground for the classification and the law operates equally on all within the same class, it is valid. The classification, however, must be reasonable and not arbitrary, capricious or unjust. It must be based upon real differences in the subject matter having some relation to the classification made and to the objects to be accomplished by the legislation. In determining whether the classification made is reasonable, the widest measure of discretion must be left to the legislature "and this legislative discretion is not subject to review by the courts except to the extent of determining whether the classification adopted is arbitrary, unreasonable and unjust." 12 C. J. 1130.

5, 6. The past history of irrigation and drainage districts in this state shows that they are dependent upon the prompt payment of the taxes due them for carrying out the objects for which they were formed and this law was enacted for the obvious purpose of facilitating the early collection of delinquent taxes due to such districts. We cannot say that a law enacted for such purpose is either capricious, arbitrary, unreasonable or unjust, and since it operates equally upon all irrigation and drainage districts within the state, and the classification being proper, it follows that the enactment of the law in question was a proper exercise of the legislative power. Particularly so in view of the rule that the power of courts to declare an act of the legislature unconstitutional ought not be exercised unless there is a plain conflict between the statute and the constitu-

tion. From this it follows that the delinquent tax certificate was valid and enforceable and that the decree of the lower court foreclosing the same must be affirmed.　　AFFIRMED.

BEAN, J., did not participate in this opinion.