Argued and submitted May 27, 2015, affirmed December 21, 2016

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

WILLIAM DAVID DICKAS,
*Defendant-Appellant.*

Multnomah County Circuit Court
PR00553244; A156174

388 P3d 1121

William Dickas argued the cause *pro se*. On the briefs were Thomas R. Rask, III, and Kell, Alterman & Runstein, LLP.

Jennifer S. Lloyd, Assistant Attorney General, argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Peenesh H. Shah, Assistant Attorney General.

Before Sercombe, Presiding Judge, and Hadlock, Chief Judge, and Tookey, Judge.

## SERCOMBE, P. J.

This is a traffic violation case in which defendant was found guilty of violating the posted speed limit, ORS 811.111. The charge was made in a traffic citation based on a photo-radar operation in a highway work zone in the City of Portland. *See* ORS 810.441; ORS 810.442.[1] On appeal, defendant asserts that the photo-radar statutes violate Article IV, section 23, of the Oregon Constitution and, therefore, the trial court should have dismissed the citation. As explained below, we affirm.

Pursuant to ORS 810.441, the Oregon Department of Transportation (ODOT) "may operate photo radar within a highway work zone that is located on a state highway." Highway workers must be present in the work zone and, for a citation to be issued based on the photo radar, among other things, the unit must be operated by a uniformed officer and out of a marked police vehicle. ORS 810.441(1); ORS 810.442(1). Under ORS 810.441(2), ODOT, "at its own cost, may ask [one of 10 listed cities] or the Oregon State Police to operate a photo radar unit in a highway work zone on a state highway."[2]

---

[1] Oregon Laws 2007, chapter 634, sections 4 to 5, was amended in 2013 and codified as ORS 810.441 to 810.442. *See* Or Laws 2013, ch 373, §§ 1-2. Because the amendments do not affect our analysis, for convenience, we refer to the current version of the statute throughout this opinion.

[2] ORS 810.441(2) provides:

"The department, at its own cost, may ask a jurisdiction authorized to operate photo radar under ORS 810.438(1) or the Oregon State Police to operate a photo radar unit in a highway work zone on a state highway."

The cities that may operate photo radar under ORS 810.438(1) are

"(a) Albany.

"(b) Beaverton.

"(c) Bend.

"(d) Eugene.

"(e) Gladstone.

"(f) Medford.

"(g) Milwaukie.

"(h) Oregon City.

"(i) Portland.

"(j) Tigard."

Defendant was cited for exceeding the posted speed limit of 25 miles per hour in a highway work zone. The citation was based on a photo-radar operation that was operated by a City of Portland police officer pursuant to a contract with ODOT. The citation was delivered to defendant by mail, *see* ORS 810.442(2),[3] and, in response, defendant asserted that the citation should be dismissed because, in his view, a number of requirements relating to photo-radar citations in highway works zones were not satisfied: (1) the law prohibits photo radar in a highway work zone unless a sign is posted 100 to 400 yards before the photo-radar unit announcing the use of photo radar, but no sign was posted here, (2) the law authorizes photo-radar citations relating to highway work zones only if the photo-radar unit is operated out of a marked police vehicle, but here the unit was housed in an unmarked, grey delivery van, (3) the law authorizes photo-radar citations relating to highway work zones only if an indication of the actual speed of the vehicle is displayed within 150 feet of the location of the photo-radar unit, but here there was no indication of the actual speed of defendant's vehicle within the work zone, and (4) the law allows photo-radar citations only if highway workers were present and, here, no workers were present. Defendant also asserted that the "Oregon laws authorizing photo radar citations violate Article IV, Section 23 of the Oregon Constitution which prohibits local laws regulating the jurisdiction or duties of constables, or the practice of Courts of Justice." He pointed out to the court that ORS 810.438 authorizes 10 Oregon cities to use photo radar and asserted that the statute is a prohibited local law because it applies in only those 10 cities. He acknowledged that he had been in a highway work zone, but asserted that photo-radar citations were authorized only in 10 listed cities and, therefore, asserted that the law was a "local law, exactly the kind of law that's prohibited by Article 4, Section 23."

At the trial, the state presented evidence that it had, in fact, met the requirements for the issuance of a citation in a work zone, including that workers were present, the

---

[3] Under ORS 810.442(2), a citation based on photo radar in a highway work zone "may be delivered by mail or otherwise to the registered owner of the vehicle or to the driver."

photo-radar unit was operated out of a marked police vehi-
cle, and the required signage was posted announcing the
use of photo radar. The court found the state's evidence per-
suasive, and it rejected defendant's fact-related arguments.
It also considered and rejected defendant's constitutional
argument. Accordingly, it declined to dismiss the citation
and, instead, entered a judgment finding defendant guilty
of violating ORS 811.111 and imposing a fine of $320.

On appeal, defendant contends that "ORS 810.438
and 810.439 (and 810.441(2)) are * * * unconstitutional local
laws in violation of Article IV, section 23, of the Constitution
of Oregon," which provides, in relevant part:

"The Legislative Assembly, shall not pass special or
local laws, in any of the following enumerated cases, that is
to say:—

"Regulating the jurisdiction, and duties of justices of
the peace, and of constables[.]"

"In general language, a local statute may be said
to be one that is operative only within a portion of a state
* * *." *Maxwell v. Tillamook County*, 20 Or 495, 498, 26 P 803
(1891). Indeed, statutes "are sometimes distinguished as
general or local, according to whether they are intended to
operate throughout the entire jurisdiction, or only within a
single county or other division or place. A law which applies
only to a limited part of the state, and the inhabitants of
that part, is local." *Id.* at 499.

As he did before the trial court, defendant focuses
his arguments on ORS 810.438 and ORS 810.439, pointing
out that, under ORS 810.438(1), Albany, Beaverton, Bend,
Eugene, Gladstone, Medford, Milwaukie, Oregon City,
Portland, and Tigard "may, at their own cost, operate photo
radar." He asserts that in only those 10 named cities may
citations be delivered by mail, rather than officers stopping
and personally delivering citations to every driver photo-
graphed. Accordingly, in his view, those statutes are pro-
hibited "local laws regulating the duties of constable[s] (i.e.
police officers)." The state responds, in part, that the statutes
do not "affect[] the jurisdiction or duties of police officers,"

noting that ORS 810.438 makes no mention of police officers at all, and asserting that ORS 810.439 "imposes no duties on them and grants them no jurisdiction." It further contends that police officers are not constables for purposes of Article IV, section 23. We do not address either of those contentions for the reasons explained below.

We begin by observing that, in our view, defendant's contentions relating to ORS 810.438 and ORS 810.439 are somewhat beside the point as those are not the statutes directly authorizing the use of photo radar and governing the issuance of the citation in this case. Instead, in this case, the photo-radar unit was operated in a work zone on a state highway pursuant to ORS 810.441. As permitted by ORS 810.441(2), ODOT contracted with the City of Portland to have the city's police officers operate the photo-radar unit in the work zone. Thus, as the parties appear to have recognized in their factual arguments before the trial court, the unit was operated and the citation was issued under the authority of ORS 810.441 and ORS 810.442, not ORS 810.438 and ORS 810.439. Analysis of those two sets of statutes presents very different issues.

ORS 810.438 permits the 10 jurisdictions listed therein to operate photo-radar systems under certain conditions and, in those jurisdictions, citations based on photo radar may be issued and mailed to a defendant, under ORS 810.439. ORS 810.441(1), in contrast, authorizes ODOT, a state agency, to "operate photo radar within a highway work zone that is located on a state highway." Furthermore, under ORS 810.441(2), ODOT may, at its own cost, contract with the Oregon State Police or jurisdictions of Albany, Beaverton, Bend, Eugene, Gladstone, Medford, Milwaukie, Oregon City, Portland, or Tigard to operate such a photo-radar unit for it in a work zone. Furthermore, a citation may be issued based on a photo-radar operation in a work zone, so long as the requirements of ORS 810.442(1) are met. On their face, ORS 810.441 and ORS 810.442 do not apply to only limited parts of the state. Instead, together, they appear to allow for the operation of photo radar by ODOT or its agents (either the Oregon State Police or certain localities) and for citations based on that photo radar in highway work zones on state

highways throughout the state. Highway work zones are not fixed or permanent portions of the state.[4]

Despite that distinction between the statutes, defendant did not raise before the trial court, and has not developed on appeal, an argument specifically addressing ORS 810.441 and ORS 810.442 and explaining why, in his view, *those* statutes violate Article IV, section 23. Instead, as noted, his arguments focus almost exclusively on ORS 810.438 and ORS 810.439. Furthermore, defendant has not presented any argument explaining a connection between all the statutes such that we could conclude that his arguments relating to ORS 810.438 and ORS 810.439 likewise apply to the provisions of ORS 810.441 and ORS 810.442, nor has he presented any other argument that we should, for some other reason, evaluate the constitutionality of ORS 810.438 and ORS 810.439 in this case.

Under those circumstances, we conclude that defendant has not presented a cogent argument for reversal of the judgment in this case.

Affirmed.

---

[4] To the extent that, in his brief, defendant suggests that the operation of photo radar in highway work zones is limited to the 10 cities listed in ORS 810.438, that is inconsistent with the plain text of ORS 810.441. That statute grants ODOT authority to operate photo radar "within a highway work zone that is located on a state highway" and allows ODOT, at its own expense, to ask any of those cities *or* the Oregon State Police to do so on its behalf in such a work zone. Under ORS 810.441(6), "'highway work zone' has the meaning given that term in ORS 811.230." ORS 811.230(1)(b) defines "highway work zone" to be "an area identified by advance warning where road construction, repair or maintenance work is being done by highway workers on or adjacent to a highway."